# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

—————————

m 99-30162
Summary Calendar

—————————

MIYOKA S. CULPEPPER,

Plaintiff-Appellant,

VERSUS

LA-I GAMING, et al.,

Defendants,

HOLLYWOOD PARK, INC.,
doing business as Boomtown Casino-Westbank,

Defendant-Appellee.

—————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
(97-CV-184-K)

—————————————

November 23, 1999

Before HIGGINBOTHAM, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Miyoka Culpepper appeals the dismissal of her sexual harassment claims. Finding no error, we affirm.

## I.

Culpepper sued LA-I Gaming and Hollywood Park, Inc., under title VII, alleging sexual harassment and retaliatory discharge. Specifically, she pointed to the actions of one of her supervisors, Eric Nash, who was a manager of the casino where she worked as a waitress.

Following the presentation of Culpepper's evidence in the bench trial, the defendants moved for judgment on partial findings pursuant to FED. R. CIV. P. 52(c); the court granted the motion and dismissed the claims. On appeal, Culpepper challenges only the finding of no hostile work environment.

## II.

We review findings in a dismissal pursuant to rule 52(c) only for clear error. *See Southern Travel Club, Inc. v. Carnival Air Lines, Inc.*, 986 F.2d 125, 128-29 (5th Cir. 1993); 9 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 55.52[1] (Matthew Bender 3d ed. 1999). "A factual finding is not clearly erroneous as long as the finding is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plausible in the light of the record as a whole." *United States v. Haas*, 171 F.3d 259, 268 (5th Cir. 1999); *United States v. Brown*, 7 F.3d 1155, 1159 (5th Cir. 1993).

When issuing a judgment on partial findings, a district court is not required to draw any special inferences in favor of the nonmoving party. *See Emerson Elec. Co. v. Farmer*, 427 F.2d 1082, 1086 (5th Cir. 1970) (holding that the court should resolve the case on the basis of a preponderance of the evidence). The court can enter a judgment on partial findings even if the evidence, viewed in a light most favorable to the plaintiff, makes a *prima facie* case. *See Id.* at 1086 n.9.

A claim of "hostile work environment" must clear a high hurdle: "Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environmentSSan environment that a reasonable person would find hostile or abusiveSSis beyond Title VII's purview." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75 (1998) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). The district court properly applied this standard, taking account of all the allegedly discriminatory conduct and of the fact that much of it was during a consensual relationship.

In light of the standard of review and of the evidence in the recordSSincluding Culpepper's admissions that most of Nash's actions were during a consensual relationship, and including the fact that she never told Nash that his advances were unwelcome nor sought assistance or protection from managementSSwe cannot say that the finding that defendants' actions did not create a hostile working environment was clearly erroneous.

AFFIRMED.